Good morning, Your Honors. Excuse us. We're just talking about the correct pronunciation of Graveman. Or Graveman. Yeah, or if you're him. Yes. But now we'll focus on your argument. Go right ahead. I'd like to reserve two minutes for rebuttal. Sure. Good morning. Your Honors, may it please the Court, Mr. Albanese. My name is Georgia McMillan. I represent the appellant Luis Castro Alavez. I'm just going to jump into our first issue, which concerns count to the attempt count. So our position with regard to this issue is that the court erred, the district court erred in instructing the jury that the government need not prove that Mr. Castro specifically intended to possess methamphetamine, the drug charged in the indictment. Under controlling Ninth Circuit precedent, the case United States v. Hunt controls this error. The case United States v. Collazo, which the government relies upon, does not control this  I just wanted to talk the court through, I think, a relevant narrative that occurred in this case. So this case was tried, I believe, in 2023, October 2023, approximately or . . . yes, I think it was 2023, but anyway, the year is not important. What's important is what happened just before the trial. Just before the trial, the parties submitted through the government. The government made the submission, but it represented the intentions of both parties with regard to jury instructions. The critical jury instruction that was submitted was proposed joint instruction number eight. You've briefed this carefully, and the district court has an on-record call, where he talks about the rug being pulled out, that there was a big change, but I wasn't clear about if that's really part of your argument, that the parties originally stipulated the instruction and then changed their minds, basically. The judge has to get the law right, so how does this part of the switcheroo help your client? Well, I think it goes to the overall harmlessness error later on, but I can dispense with this narrative, Your Honor. It just seemed like a good idea to sort of set the stage for what happened later on.  It is, and you briefed it carefully. I don't want to cut you off. It's just that we're really laser-focused on this legal issue, and I wanted to make sure that I understood why you think this other setting the stage influences this. I think you've clarified. Thank you. Does Your Honor want me to? Well, I think we're going straight to the issue of law. Why was this instruction error? You think that we're looking at Hunt, and we're looking at Calazzo. Got it, Your Honor. More specifically, maybe, and I don't mean to talk over Judge Christin, but you started by saying Calazzo doesn't apply, and I'm very interested to hear your argument. That's the issue. Right to the point, Your Honor. Getting rid of the narrative. Calazzo doesn't apply. First, Calazzo was a conspiracy case. In this case, you do have a conspiracy charge. That's count number one. We're not contesting that, but we also have this attempt charge, which is count number two. Calazzo is strictly a conspiracy case. The word attempt, if you just go into the PDF version of the Calazzo case, the word attempt doesn't come up in that case. Well, why do I agree with you that Calazzo does not address attempt, but why does the reasoning in Calazzo not apply equally in the attempt context? How can we not apply Calazzo, given that the analysis would be exactly the same? It's dealing with the same exact provision. Both are inquit crimes, right? Explain to me how we could not follow Calazzo. Well, here's the tricky thing about this case, Your Honor. You say we're dealing with the same provisions. We are. It's 841A. My client was also charged under 841A, but it doesn't take account of attempt crimes, and that's the problem here. In Calazzo, we've got this massive drug conspiracy in and out of California prisons, right? When the court starts to analyze this, this is the majority opinion in Calazzo. There's an important dissenting opinion written by Your Honor, Judge Fletcher. When the court starts analyzing . . . But it's a dissent. It is a dissent, Your Honor. In the majority, when the court is analyzing how do we talk about conspiracy and what the appropriate mens rea is in a conspiracy, we have a kind of an analysis that just does not work for an attempt crime. So in Calazzo, for example, so the first part of that majority decision, the analysis. The court says, well, when we talk about conspiracy, we've got to look at the common law definition of conspiracy. In this case, that doesn't work for us, that first part of the analysis, because we have to look at attempt, common law attempt. We see the court struggling with this and going there in the Hunt case, but in Calazzo, they start talking about, well, how did courts historically look at conspiracy? It seems to me that is the right starting place. When we're talking about the mens rea between attempt and conspiracy, we have to start. In Calazzo, they certainly had to start with conspiracy. Attempt wasn't an issue. We have this, it seems to me, stark difference, because we have a very well-established rule that for that specific intent in co-aid crime, what we're talking about is, did the defendant intentionally, specifically, enter into the agreement to commit the criminal offense? Once they do, then we have a whole bunch of case law that recognizes that, let's take the kind of case where somebody agrees to rob a bank, but unbeknownst to him, co-conspirator number two brings a gun and shoots somebody. We all know what the consequence is there. The consequence that we impose on the first co-conspirator isn't imposed because he had the mens rea to shoot somebody, it's because he joined the conspiracy. It seems to me to be the difference that I think you're teasing out, and by the way, I think this is a very difficult question, but when you get to attempt, it seems to me to be quite different, because that's a specific intent crime, too, but it's not unlawful to think about robbing a bank. It becomes unlawful, it becomes an attempt when somebody takes a substantial step towards doing that, because we're looking at the mens rea and trying to figure out, just how serious were you? Just how close did you get? At some points, it gets close enough that that becomes criminal conduct, but it's very specific and it's a much tighter fit. For a conspiracy, you only have to take not a substantial step, but just a step in furtherance. To me, that requirement about what it takes to criminalize those thoughts that people have sheds a lot of light on the appropriate mens rea. That wasn't a question, I suppose. Now maybe we'll get to my point. We know after Collazo that these are elements, right? It's tempting to look at this one statute, 841, and think of it as a penalty statute, but those are now elements of the offense. It seems like we should be thinking of them as an element of the crime. I don't know how the government wouldn't have the burden to prove those elements, and not just that the quantity and the type of the substance, but that the defendant knew about it if we're talking about attempt, for the reasons I just mentioned. There's a big difference between the liability that attaches for a conspiracy than to an attempt. Does any of that make sense to you? Yes, Your Honor. I think so. I agree. This is a tough issue. What's your strongest argument for why you think the government ought to have to prove beyond a reasonable doubt that this defendant knew about the substance, the type of the substance, and the quantity? By the way, that is . . . Where I started on this case, I thought Collazo was the answer.                The beginning and the ending. Now, I'm not so sure. I want to hear both of you talk about the differences, if we could, between . . . Collazo doesn't control. The issue of amends . . . I agree with you that it's not a Miller v. Gammy, but if you can get past Miller v. Gammy and get to really what Judge Desai is trying to get you to tease out. Why isn't the analysis in Collazo applicable? The analysis in Collazo speaks about general intent. It says one of the discussions, one of the analytic discussions, is it says that the conspiracy is a general attempt crime, and it follows the mens rea of the underlying crime. Now, in the attempt cases that I cited, particularly the attempt cases in my reply brief, the case law there is very clear, Your Honor, that the mens rea is a heightened scrutiny. It is a specific intent mens rea for the attempt crime, even if the underlying crime is a general intent crime. Another thing about Collazo, and the reason why I don't think this panel should follow Collazo for this particular case, is the analysis just doesn't fit our case. Another analysis that the court goes through, the majority decision, is they talk about the idea of a traveling mens rea. There's a long discussion of that in the majority decision, and they say, Well, we've got to take those adverbs, the knowing, the intentionally, and see how far those adverbs can travel through. There's discussions about what's the object of the transitive verb, and you get into all that sort of discussion in there. Well, in the attempt case, that kind of analysis just doesn't work, the so-called traveling mens rea, because that only works if you can take the general intent and see how far it'll go through the statute at issue. In the attempt case, though, if it's an attempt, then the mens rea is heightened. It is specific mens rea. In an attempt case, the defendant hasn't committed the completed crime, by definition, but not for lack of trying. We know about that mens rea, is the person is really ... His intent is very, very clear. He's trying to rob the bank, and before something interfering, he would have robbed the bank. That's not true of conspiracy, if we're talking about my example, where there's this unintended consequence, or unanticipated consequence of the person being shot. That's just not a defense to conspiracy. Your Honor, I think looking at the facts in this case, what's at issue here was this package. It was a package of methamphetamine later tested to be a methamphetamine, mixture of methamphetamine, weighed just over 10 pounds. This was charged as ... Count two was charged as an attempt, because he never actually physically possessed it. Right. The landlord took it away. Go back, if you would, to Judge Desai's question, because I'm trying to figure out why the analysis is different. These are elements, right? Do you agree they're elements now? Quantity and ... Collazo tells us it is not an element in a conspiracy. In our crime. In our crime, yes. In our case, forgive me. I think your position is that these are elements, correct? Yes, that's correct, yeah. Which follows the indictment. Yes. Yeah. I hope I answered your question, Judge Desai. But it was tough to even find my question, but anyway. This is a question that's a little bit off the point. It's a practical question. Does it make any difference to the sentence, given that he's got two convictions, both of them? No, it does not make a difference to the sentence. My remaining two issues do, but of course, this is the main point, this issue. We would disagree with you on the other issues, agree with you on this. The sentence would be unaffected. You know, Your Honor, let's look at the Hunt case, Your Honor. If you'll permit this diversion, I promise we'll circle back to your question about the issue of sentence. In the Hunt case, in those facts, I don't recall the amount of cocaine that was involved was in excess of, I think, 500 grams of cocaine. And there was this issue, that was an attempt case, the Hunt case. And the net result of the panel's majority decision is they said, hey, he didn't plead guilty to that amount of cocaine, and so we're going to send . . . but what might be applicable is . . . and forgive me, Your Honor, I can't think of the 841 subsection B section. There is a catch-all drug section in there that basically permits the sentencing for a mandatory minimum of one year. And that's what ended up happening in the Hunt case, and that's why you had this very strong dissent by Judge O'Scanlan, where he says, how can this guy only get one year? Look at his record. And also, Judge O'Scanlan did not agree with the harmless error analysis of the majority. But so to circle back to your issue, does this affect sentencing? It could possibly affect sentencing had the court . . . had the parties gone with the original joint jury instruction number eight, where the jury had to . . . well, actually . . . no, I think I agree with you, Your Honor. Maybe it wouldn't affect, because count one, the sentencing count one would control . . . sorry, Your Honor. Thank you. We'll put two minutes on the clock when you come back, so that you have time to have . . . Thank you very much. We'll take a question here from the government, please. Good morning, and may it please the Court. Michael Albanese on behalf of the United States. I think it's important to start with precisely what Collazo explicitly says, which is it holds firmly that for the substantive offense, there's no mens rea requirement for drug quantity, drug type. It also says that they are elements, but not full-fledged elements. They are elements, quoting, only in the sense that they must be proven beyond a reasonable doubt and pled in the indictment. So I think that that's an important distinction here, because when you're talking about how far down does your mens rea travel, Collazo clearly held that, yes, conspiracy is a specific intent crime. The conspirator must specifically intend that themselves or one of their co-conspirators commit the substantive offense, but Collazo held that in conspiracy, that specific intent does not travel down to the drug type and drug quantity, and attempt is a mirror statute in almost every relevant respect. And so I think that . . . Attempt is a what statute? Mirror. Sorry. A mirror of . . . A mirror image? A mirror image of conspiracy. Why do you think I'm incorrect to think about them as being so very different when we talk about what criminal consequences will attach? Well, Your Honor, if I understood your questions earlier, you're concerned that they're both incomplete crimes, meaning that one can be guilty of attempt and conspiracy without the substantive offense ever having occurred. So I don't believe that there is a distinction. Both crimes have an actus reus. In the case of attempt, there must be a substantial step. In the case of conspiracy, there must be an agreement. But both a substantial and a step and an agreement fall short of the completed crime. I think you're not going to have a serious agreement on that point, and we can agree to disagree on that point. But I do think this is a very sticky case. And so let me ask you this. For this case, is it your position that the quantity and the type of the substance are elements? So I think what Colasso says is that they are elements only in the sense that they must be proven beyond a reasonable doubt to a jury. And that's at . . . Not that the defendant knew about them, not the mens rea. Correct. The mens rea is not. So I think you do need to draw that distinction when you're thinking about how far down does the specific intent travel. Well, so this isn't . . . to counsel's point, we're not slicing and dicing a statute in the same way that the Supreme Court did in Rehave or that our court did in this case. What is your analysis? What's your decision tree look like in this case? I'm sorry? For attempt, what's your decision? Or are you just mapping the Colasso reasoning exactly on top of an attempt? I think that's exactly how you approach this, Your Honor. Both . . . So tell me if you think that that is binding on us, because as your friend on the other side argues, Colasso, and I think you agree, Colasso addresses conspiracy. So are we bound by Colasso? And if you think the answer is yes, why are we bound by Colasso if it addresses conspiracy and the issue before us is attempt? Yes, Your . . . I believe that you are bound by Colasso, although the attempt is decidedly different than conspiracy and Colasso does not talk about intent. It's the exact same statute and it talks about how . . . I think . . . So there's a difference between saying we're bound by Colasso. Colasso dictates the result in this case and we have no choice about that. It's binding precedent versus we should adopt the reasoning in Colasso because attempt and conspiracy are essentially the same, which I think you've already argued. I'm more interested in whether we are bound by Colasso. Well, importantly, because United States versus Hunt is on this point, and I think that if Colasso doesn't overrule United States versus Hunt, then we're stuck with Hunt. But I do believe that Colasso, and as it had the authority to do sitting on Bonk, did overrule Hunt because it basically occupied the space. It told you how we're supposed to think about how far down specific intent should travel when we're talking about the difference between 841A1 and getting all the way to 841B1A and B1B, and it says it's stopped short. And you're saying Colasso overrules Hunt, even though Colasso doesn't discuss Hunt? That's right. And there's unfortunately in this series of cases on this issue, there's a kind of a consistent problem with cases not referring to the prior cases, because Hunt was decided without acknowledging that, at least for the substantive offense, it had not been the case law that there was no mens rea for drug type and drug quantity. I have to say, speaking now just for myself, I cannot read Colasso as overruling Hunt in any intentional way. The only way I can see Colasso overruling Hunt is to say that the reasoning of Colasso is inconsistent with Hunt. I think there was nothing in Colasso that had any intent at all on the part of the majority. Hunt simply was not on the horizon. But Your Honor would certainly know better about the intentions behind the judges who decided Colasso. I would say that the way that you the way that is read appears to be it is a broad decision that is supposed to completely decide how 841A1 and 841B1A and B relate to each other. It may be a semantic difference that means no real difference. I see nothing in Colasso that says there's an intent to overrule Hunt. That doesn't mean it does not that the reasoning of Colasso is so inconsistent with Hunt that we have to view it as overruled. There's nothing in Colasso that tells me that that was in the minds of the judges in Colasso. Judge DeSalle is trying to ask you a question. I think my question is a follow-up to Judge Fletcher's. Do you have any authority that you can cite to us on this proposition that Colasso overrules Hunt expressly? No. I have not. I was not able to find any decision by this court or or even a district. In my view that really tells me that Hunt is still good law and Colasso is what Colasso is and now we have a scenario where we're trying to reconcile both of these things and attempt crimes and Colasso addresses conspiracy and that's why I'm asking other than your argument that the analysis is the same and we should adopt in this case we should basically expand Colasso to include the attempt crime. You don't believe that we are bound. I think the way that Judge Fletcher just described it is put it better than I can which is that the reasoning in Colasso is so inconsistent with Hunt that I think the only fair reading of Colasso is that it does overrule Hunt even though it did not specifically say we are overruling Hunt or we are addressing attempt crimes because the way that it analyzes conspiracy is starting with the point of here's what's required for the substantive offense. Conspiracy requires no more than what's required in the substantive offense. There's just no reason to treat attempt differently than conspiracy. They are both, the Supreme Court talks about both crimes in the same breath. I think there are reasons to treat them differently. Maybe policy reasons but I can find no reason in the case law. The common law does. She starts with, right Colasso, that case starts by looking at the common law and we all are all very familiar with and when we're talking about conspiracy we cast that net really broadly and that's not true of attempt which seems to me to be, as I've said, that's my I think background starting point for this. I'm curious about your question or your answer to this question about whether you think these are elements or let me, you said you don't think they are, you're hoping they're not. If they are elements in this attempt offense then should the government have to prove them? Not only that they existed, the quantity and the substance, but the defendant understood that? In the context of conspiracy Colasso tells us that they're not. I appreciate that and that seems to me quite unremarkable because in conspiracy as long as I enter into the conspiracy I'm going to be liable for the foreseeable consequences of that conspiracy. Even if I think we're going to deal a little bit of drugs, if I find out that one of my co-conspirators packed the box full of a whole bunch of other drugs, I'm on the hook, right? I'm paraphrasing but I'm just trying to call your attention to this point. In attempt, attempt is quite different because attempt is, well, we know the person convicted of attempt has had the mens rea to complete that offense and what I'm suggesting to you is in this case it would be, I think arguably, the offense of dealing methamphetamine in a large amount. Your Honor, I think what you're getting at in terms of when you reference the foreseeability, that's what Colasso was discussing because the instructions that they were reviewing in Colasso had built in that the drug type and quantity had to be foreseeable. It was tracking language in the sentencing guidelines. But Colasso overruled that and said, no, you don't even have to find any kind of foreseeability. It just needs to be part of the conspiracy. Let me ask you this. Let's assume for purposes of this discussion that attempt crimes impose a higher mens rea than conspiracy crimes, okay? And so in this case, when we're looking at this particular statute, what the government would have to show is that the defendant specifically intended to violate section 841, correct? Correct. Okay. And if you look at the language of section 841, it says that there is possession or distribution of a, quote, controlled substance. That's all that it says. Correct. Okay. So even if we were to agree with your friend on the other side that attempt is different than conspiracy, requires a higher mens rea, I'm still having trouble understanding how that mens rea attaches to the drug type and quantity when the language in 841 really only talks about a controlled substance. And that's the position of the United States. In fact, the 9th Circuit, current version of the 9th Circuit instructions for attempts says precisely that, that the U.S. must intend to possess any controlled substance. And that's different than the version of the model instructions that was in effect- Is that the answer to why the type and quantity are not separate elements? Because I can't even find how we would impute those elements into the straightforward language of section 841. So what they are, and again, I describe them as not full-fledged elements. It's important, and I think no one is disagreeing, that they must be pled and they must be proven beyond a reasonable doubt to a jury as occurred here. It's a question of the mens rea. But is this a question of the mens rea, precisely? They're treating them as elements for one purpose and not for the other. That's right. And that's what Collazo does, at least with respect to the substantive offense and conspiracy. And so I'm urging the court to do no differently in the attempted context. There was no discussion in my opponent's first half on the 403 and 702 issue. I'm happy to answer the court's questions regarding that issue. But essentially, we would ask the court to affirm the lower court. There was no abuse of discretion regarding permitting the general subject matter of the narco saint material, and there was certainly no clear error in permitting the detective Moniz. You did mention 703, and I wasn't going to raise it. But since you mentioned it, what is your strongest argument that this individual was properly qualified? Well, Your Honor, you mean procedurally properly qualified or substantively properly? Substantively. Your Honor, this is a, and I think I laid it on the brief, I don't have his resume in front of me. This is an experienced narcotics detective who has investigated narcotics case for over a decade, including extensive experience with cases involving drugs originating in Mexico being sent to Hawaii, which is a common modus operandi that he testified about. He's also attended trainings. I'm not talking about drug query or profile, I'm talking about the specific cards. Do you want to speak to that? As part of his overall expertise, he attended training sessions and narcotics investigator academies, and one of the subjects that was taught at those sessions was this correlation between narco saint imagery and drug trafficking, and that was the basis of his opinion. He'd been to the two trainings, and he had one prior case with it? I believe that's an accurate, on that specific issue regarding the correlation, yes, Your Honor. All right. Is there anything further, Judge Asai, Judge Fletcher? Thank you, counsel. Thank you very much. Thank you, Your Honors. Two minutes. Judge, back to your question, Judge Fletcher, this doesn't affect sentence. It doesn't affect sentence, however, we need the court's guidance, obviously. This is a difficult issue, and whether or not this would affect my client's sentence, I think we do need the court's guidance concerning this issue of whether or not Colasso controls. Our position, of course, is that Colasso does not control at all. What's your strongest argument that it does not control? Miller v. Gammie, right? If you get past Miller v. Gammie and just go, because there's some differences we can all point to, but . . . Your Honor, you mentioned Miller . . . The reasoning. Go ahead. Excuse me for interrupting. You mentioned the Miller case. I don't believe we briefed that, Your Honor, so I . . . Okay, good. I'm not going to talk about that. I'm going to answer aside from that. Just go to your question, Judge. Fletcher's point, and really Judge Asai has made the same point. Why isn't the reasoning of Colasso, the decision tree, why isn't it applicable to attempt? Because it has to do with the mens rea. Colasso discusses general mens rea. Let me just . . . I'm so sorry, but let me stop you because you're short on time. If I agree with you that the mens rea for an attempt crime is higher, and this is the question I asked the government, how do we still then impute that higher mens rea to the drug type and quantity, given that the language in 841 only references the controlled substance? It's a difficult issue, Your Honor. I agree. Do you have an answer? We don't have case law that says, well, okay, it's an attempt. It's a drug charge. It's an attempted drug charge, like here. What is our specific mens rea on this, or the specific intent mens rea? I think it needs to be fact-based. And here, in this case, I think that there is . . . I know I'm out of time, but I think that the facts in this case show that he did not know that 10 pounds of methamphetamine was coming his way. Prior to that date on June 28, when the package arrived at where he was staying, he was engaged in financial transactions, wiring monies to Mexico, and then you have the candy box situation. But he was . . . nothing in the record shows that he was actually in receipt of any kind of drugs throughout that long . . . the three hours of his interviews with law enforcement. He never once mentions a drug type or quantity, so he didn't know what he was doing. The defense counsel says it all in the closing statements. He says he was a mark, he was a patsy, he was naive. He was an innocent drug courier in all of that, and that's why we need attempt, Your Honor. That's why this panel needs to differentiate this situation from Colosso. Thank you.  Thank you. Thank you both for your patience with our many, many questions. It's a really interesting and, I think, difficult case. We'll give it our full attention. We'll stand in recess for the rest of the day.
judges: FLETCHER, CHRISTEN, DESAI